# EXHIBIT B

# CITATION
## THE STATE OF TEXAS, COUNTY OF WILLIAMSON
### NO. 20-0284-C26

**MARGARET MORRIS VS. HOME DEPOT U.S.A., INC**

TO:    Home Depot U.S.A., Inc
By Serving its Registered Agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company
211 E 7th Street
Suite 620
Austin TX 78701

DEFENDANT in the above styled and numbered cause:

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment for the relief demanded in the petition may be taken against you.

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION, TRCP 193.7 NOTICE OF SELF-AUTHENTICATION, TRCP 194.2 REQUESTS FOR DISCLOSURE AND ATTACHED DISCOVERY in the above styled and numbered cause, which was filed on the 18th day of February, 2020 in the 26th Judicial District Court of Williamson County, Texas. This instrument describes the claim against you.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office on this the 1st day of May, 2020.

ADDRESS OF LEAD ATTORNEY FOR
PETITIONER:
Jesus De Luna
5711 University Heights Blvd
Suite 101
San Antonio TX 78249

**LISA DAVID, DISTRICT CLERK**

**Williamson County, Texas**
P. O. Box 24, 405 M.L.K. Street
Georgetown, Texas 78627-0024



BY: *Julie Borrero*
Julie Borrero, Deputy

---

### RETURN OF SERVICE
Came to hand on the ____ day of _____,20___ ,at _____ o'clock __M. and executed at _____, within the County of _____, Texas, at _____ o'clock __M. on the _____ day of _____, 20____, by delivering to the within named _____, in person a true copy of this citation, with a true and correct copy of the PLAINTIFF'S ORIGINAL PETITION, TRCP 193.7 NOTICE OF SELF-AUTHENTICATION, TRCP 194.2 REQUESTS FOR DISCLOSURE AND ATTACHED DISCOVERY attached thereto, having first endorsed on such copy of citation the date of delivery.
\* **NOT EXECUTED**, the diligence used to execute being *(show manner of delivery)* _____
_____; for the following reason _____,
the defendant may be found at _____.
*\*Strike if not applicable.*
**TO CERTIFY WHICH WITNESS MY HAND OFFICIALLY**_____ COUNTY, TEXAS
_____ SHERIFF/CONSTABLE   BY: _____ DEPUTY
**FEE FOR SERVICE OF CITATION : $**_____

| COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT. |
|---|
| *In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.* |

My name is _____, my date of birth is _____, and my address is
      Please print.    (First, Middle, Last)
_____ (Street, City, Zip).
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____County, State of _____, on the _____ day of _____, 20_____.

_____                  
Declarant/Authorized Process Server                         ID # & expiration of certification

Filed 2/18/2020 12:00 AM
Lisa David, District Clerk
Williamson County, Texas
Michele Rodriguez

CAUSE NO. _____  20-0284-C26   *5-4-20  2:45pm RB PSC3612*

| | | |
|---|---|---|
| **MARGARET MORRIS,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | Williamson County - 26th Judicial District Court |
| | § | |
| **VS.** | § | **\_\_\_TH JUDICIAL DISTRICT** |
| | § | |
| **HOME DEPOT U.S.A., INC.,** | § | |
| *Defendant* | § | |
| | § | **WILLIAMSON COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION, TRCP 193.7 NOTICE OF SELF-AUTHENTICATION, TRCP 194.2 REQUESTS FOR DISCLOSURE AND ATTACHED DISCOVERY

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES MARGARET MORRIS, hereinafter referred to by name or as "Plaintiff", and complains of HOME DEPOT U.S.A., INC., hereinafter referred to by name or as "Defendant", and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.     Plaintiff intends that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES

2.     Plaintiff **MARGARET MORRIS** is an individual residing in Travis County, Texas.

3.     Defendant **HOME DEPOT U.S.A., INC.,** is a corporation operating in Williamson County, Texas, and may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620 Austin, TX 78701.

## III.
## JURISDICTION & VENUE

**4.**     This Court has jurisdiction over the parties because the amount in controversy is within the

jurisdictional limits of this Court. Additionally, this Court has jurisdiction over the parties because

Defendant **HOME DEPOT U.S.A., INC.,** is conducting business in the State of Texas.

**5.**     Venue is proper in Williamson County in this cause pursuant to § 15.002(a)(1) of the CIVIL

PRACTICE & REMEDIES CODE because the incident which forms the basis of this lawsuit occurred

in Williamson County, Texas.

## IV.
## FACTS

**7.**     On or about February 16, 2019, Plaintiff **MARGARET MORRIS** was a patron shopping

at Defendant Home Depot, located at 2700 Whitestone Blvd Cedar Park, Texas 78613. As such,

Plaintiff was a business invitee when she slipped and fell on a wet substance.  At the time of

Plaintiff's fall there were no warnings present at the location of the wet substance.  As a result,

Plaintiff sustained injuries to her body, including, but not limited to a shattered bone in her arm,

as more fully set forth in the medical records of her treatment after this fall.  The unreasonably

dangerous condition on Defendant's premises proximately caused Plaintiff's injuries and the need

for the medical treatment she subsequently received.  Plaintiff **MARGARET MORRIS's** bodily

injuries occurred as a direct result of a fall that was proximately caused by the dangerous conditions

described above, which Defendant knew or, in the exercise of ordinary care, should have known

existed.

## V.
## CAUSES OF ACTION AGAINST
## DEFENDANT HOME DEPOT U.S.A., INC.,

### A.    *PREMISES LIABILITY*

**8.**    On or about February 16, 2019, Defendant **HOME DEPOT U.S.A., INC.,** was in possession of the premises located at 2700 Whitestone Blvd Cedar Park, Texas 78613, which forms the basis of this suit. The Plaintiff was a patron shopping for the economic benefit of Defendant. As such, Defendant owed Plaintiff a duty of ordinary care to adequately warn her of conditions on the premises posing an unreasonable risk of harm or to make the condition reasonably safe. However, Defendant breached its duty of ordinary care to Plaintiff by both failing to warn the Plaintiff of the dangerous condition and failing to make the condition reasonably safe. Defendant's breach of said duties proximately caused the injuries set forth herein.

**9.**    Specifically, Defendant did not safeguard the premises as set forth hereinabove. Further, Plaintiff was injured because Defendant was negligent in:

a) Failing to warn invitees, including Plaintiff, of the hazards of an unreasonably dangerous condition on Defendant's premises;

b) Failing to inspect the store and properly maintain it;

c) Allowing a dangerous condition to exist, so that Plaintiff would fall and be injured;

d) Failing to provide safety of Plaintiff under the circumstances;

e) Failing to warn invitees, including the Plaintiff, that the area in question should be approached with caution;

f) Negligently maintaining the area in question in such a way so as to constitute a negligent activity;

g) Failing to warn invitees, including Plaintiff, that there was a dangerous condition which required extra care to be taken while walking through that area;

h) Failing to maintain the premises in a reasonably safe condition for Plaintiff and other invitees; and

i) Failing to remove the dangerous condition or properly warn of its existence.

10.    The Defendant's acts and/or omissions were negligence and the proximate cause of the incident and the Plaintiff's injuries and damages.

## B.    *RESPONDEAT SUPERIOR*

11.    At all times material hereto, all the agents, servants, and employees for Defendant, who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Defendant's agents, servants, and employees negligently permitted the dangerous wet substance, negligently or willfully allowed such condition to continue, and negligently or willfully failed to warn Plaintiff of the unsafe condition of the premise. This condition existed despite the fact Defendant or Defendant's agents, servants, and employees knew or should have known of the existence of the condition and that there was a likelihood of a person being injured, as occurred to Plaintiff. Therefore, Defendant is further liable for the negligent acts and omissions of its employees under the doctrine of *Respondeat Superior*.

12.    Each and all of the foregoing acts and/or omissions of the agents, servants, and employees for Defendant were negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this suit, and was a proximate cause of Plaintiff's injuries and damages.

## VI.
## DAMAGES

**13.** As a direct and proximate result of the collision and the negligent conduct of the Defendant, Plaintiff **MARGARET MORRIS** suffered bodily injuries as reflected in the medical records from the health care providers that have treated the injuries since the fall. The injuries may be permanent in nature. The injuries have had an effect on the Plaintiff's health and well-being. As a further result of the nature and consequences of her injuries, the Plaintiff has suffered and may continue to suffer into the future, physical pain and mental anguish.

**14.** As a further result of all of the above, Plaintiff has incurred expenses for her medical care and attention in the past and may incur medical expenses in the future to treat her injuries.

**15.** By reason of all of the above, Plaintiff **MARGARET MORRIS** has suffered losses and damages in a sum within the jurisdictional limits of this Court for which she now sues.

**16.** Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers. However, RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE requires Plaintiff to affirmatively plead the amount of damages sought. Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief **OVER ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiff is justly entitled at the time of filing this suit, which, with the passage of time, may change.

## VII.
## INTEREST

**17.** Plaintiff further requests both pre-judgment and post-judgment interest on all her damages as allowed by law.

## VIII.
## DEMAND FOR JURY TRIAL

**18.** Plaintiff **MARGARET MORRIS** demands a trial by jury. Plaintiff acknowledges payment this date of the required jury fee.

## IX.
## REQUEST FOR DISCLOSURE

**19.** Pursuant to RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is requested to disclose, within fifty (50) days of service hereof, the information and material described in each section of RULE 194.2.

## X.
## NOTICE OF SELF-AUTHENTICATION

**20.** Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## XI.
## ATTACHED DISCOVERY

**21.** Attached to Plaintiff's Original Petition, are the following written discovery requests to which Defendant is requested to answer/respond within fifty (50) days of service hereof:

   a.  Plaintiff's First Set of Interrogatories to Defendant HOME DEPOT U.S.A., INC.
   b.  Plaintiff's First Requests for Production to Defendant HOME DEPOT U.S.A., INC.
   c.  Plaintiff's First Requests for Admissions to Defendant HOME DEPOT U.S.A., INC.

## XII.
## DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designated E-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a:

jdeluna-svc@thomasjhenrylaw.com. This is the undersigned's only E-Service email address, and

---

service through any other email address will be considered invalid.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that the Defendant is cited to appear and answer, and on final trial hereafter, the Plaintiff has judgment against the Defendant in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1.   Pain and suffering in the past;
2.   Pain and suffering in the future;
3.   Mental anguish in the past;
4.   Mental anguish in the future;
5.   Past medical expenses;
6.   Future medical expenses;
7.   Physical impairment in the past;
8.   Physical impairment in the future;
9.   Future lost wages;
10.  Pre-judgment interest; and
11.  Post-judgment interest.

Respectfully submitted,

**Law Offices of Thomas J. Henry**
5711 University Heights Blvd., Suite 101
San Antonio, Texas 78249
Phone: (210) 656-1000
Facsimile: (361) 985-0601

By: _____

Jesus De Luna
State Bar No. 24105788
*email: jdeluna-svc@thomasjhenrylaw.com
**ATTORNEY FOR PLAINTIFF**
**\* service by email to this address only**

CAUSE NO. _____

| | | |
|---|---|---|
| **MARGARET MORRIS,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **vs** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **HOME DEPOT U.S.A., INC.,** | § | |
| *Defendant* | § | **WILLIAMSON COUNTY, TEXAS** |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT HOME DEPOT U.S.A., INC.,

**TO:** **DEFENDANT HOME DEPOT U.S.A., INC.,** by and through its Registered Agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620 Austin, TX 78701.

These Interrogatories are filed and served pursuant to Rule 197 of the TEXAS RULES OF CIVIL PROCEDURE. Plaintiff requests that Defendant answer separately and fully in writing and under oath each of the following interrogatories within fifty (50) days after service of this request.

Respectfully submitted,

**The Law Offices of Thomas J. Henry**
5711 University Heights Blvd., Suite 101
San Antonio, Texas 78249
Phone: (210) 656-1000
Fax. (361)985-0601

Jesus De Luna
State Bar No. 24105788
*email: jdeluna-svc@thomasjhenrylaw.com
**ATTORNEY FOR PLAINTIFF**
**\* service by email to this address only**

## DEFINITIONS AND INSTRUCTIONS

1.   As used herein, the terms "you" and "your" shall refer to this Defendant, his attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of this Defendant, whether authorized to do so or not.

2.   As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.   In accordance with TEX. R. CIV. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.   "Person": The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

5.   "Identify" or "Identification":

a.   When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

b.   When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

c.   When used in reference to a document, "identify" or "identification" shall include statement of the following:

   i.    the title, heading, or caption, if any, of such document;
   ii.   the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;
   iii.  the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;
   iv.   the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;
   v.    the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;
   vi.   the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and
   vii.  the physical location of the document and the name of its custodian or custodians.

6.   "Settlement": as used herein, means:

a.   An oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between Plaintiff and any Defendants or between any Defendants herein whereby Plaintiff or Defendants have in any way

released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

b.   Any resolution of the differences between the Plaintiff and Defendants by loan to the Plaintiff or any other device which is repayable in whole or in part out of any judgment the Plaintiff may recover against Defendants.

c.   The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

7.   "The wreck" as used herein refers to the wreck made the basis of this lawsuit.

Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time beginning with the date of the wreck made the basis of this lawsuit up to and including the present date.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from **February 16, 2019**, through the date of production of responses requested herein.

## INTERROGATORIES

1.    To the individual answering these interrogatories on behalf of the Defendant, please state:

   a.  Name:
   b.  Address:
   c.  Any title which you may hold within HOME DEPOT U.S.A., INC., the entity known as HOME DEPOT:

   **ANSWER:**

2.    If you now contend or will contend that you are not liable in the capacity in which you have been sued, or that there is a defect of parties or names of parties to this suit, fully state your contentions and identify all correct parties by stating their full correct name and by stating all facts which support your contentions.

   **ANSWER:**

3.    Please state how the incident in question occurred.

   **ANSWER:**

4.    Please list all persons or entities that are or have been employed or have been contracted to maintain, inspect, clean, and/or repair common areas, at the HOME DEPOT U.S.A., INC store where this incident occurred, beginning February 16, 2019 through the present date, and identify those persons/entities so employed/contracted.

   **ANSWER:**

5.    State precisely each and every act or omission on the part of any person that you believe constitutes negligence or that in any way contributed to cause the incident in question, including but not limited to, acts or omissions of negligence of anyone whether party or nonparty, potential Third-Parties, sudden emergency; unavoidable accident; mechanical defect; or Act of God.

   **ANSWER:**

6.    Identify each and every employee by name, address and telephone number, of any person, whoin any way or manner, participated in the investigation of the events from which this cause of action arises, including, but limited to interviewing Plaintiff, her family, other tenants, and other employees, and provide the same information for each of those persons interviewed, and state the current location of any report resulting from such investigation.

   **ANSWER:**

7.   If DEFENDANT were insured under any insurance policy or agreement in effect at the time of the incident made the basis of this lawsuit which may make the respective

---

insurance companies liable to satisfy all or part of any judgment which may be rendered in this litigation, identify each primary, umbrella, or excess insurance carrier.

As used in this interrogatory, "identify" means to state the name and address of each primary, umbrella, or excess insurance carrier, including the policy number, the policy limits, whether or not notice of the incident was given, and whether or not a non-waiver agreement, reservation of rights letters, or any other document or agreement regarding coverage has been signed by or sent or communicated to you.

"Identify' also means to state the dollar amount of insurance available under each such policy for each policy period.

**ANSWER:**

8.  Please list the name and complete address of each and every person known to you or your attorneys who either witnessed or claimed to have witnessed the alleged events made the basis of this lawsuit, claims to have knowledge of how the alleged events occurred, claims to have witnessed any admission or inconsistent statement on the part of Plaintiff, including agents propounding these interrogatories, and otherwise claims to have knowledge of the facts relevant to this suit.

**ANSWER:**

9.  Please state whether anyone acting on behalf of the DEFENDANT has secured, obtained, or has any knowledge of any statement, either oral, audio, or video, recorded or in writing, made by the Plaintiff pertaining in any way to the happening or the occurrence made the basis of this lawsuit.

**ANSWER:**

10. If, after the occurrence of the events forming the basis of this lawsuit, any photographs were taken in connection with such events, please state the date when such photographs were taken, the name, address, and telephone number of the person who took such photographs, the name and address of the person who employed the photographer, and the name and address of the person who presently has possession or custody of such photographs.

**ANSWER:**

11. If, after the accident, an investigation was made by or on behalf of the DEFENDANT(s) concerning the circumstances of the incident made the basis of this lawsuit, please state the name and address of each person who made such an investigation, whether a written report of the investigation was furnished to the DEFENDANT, and the substance of any written reports of the investigation furnished to DEFENDANT.
    **ANSWER:**

12.     State each and every factor other than the alleged negligence of the Plaintiff which you contend contributed to the incident including, but not limited to, sudden emergency, unavoidable accident, product defect, mechanical defect, or act of God.

        **ANSWER:**

13.     State each and every factor which you contend caused or contributed to the Plaintiffs damages including, but not limited to, pre-existing physical or medical conditions of the Plaintiff, and identify all documents and tangible things which support your contentions.

        **ANSWER:**

14.     State verbatim all statements, admissions, or declarations made by Plaintiff to DEFENDANT(s), or to DEFENDANT's agents, or of which DEFENDANT is aware relating the incident made the basis of this lawsuit or relating to Plaintiff's damages.

        **ANSWER:**

15.     With respect to any method or system, including any computer retrieval system, used by DEFENDANT to maintain or record complaints, investigations, and/or reports of falls or similar incidents for which records are or were kept, provide the following:

        a) the identity of each custodian of the records;
        b) a detailed description of the indexing system whereby such information is stored; and
        c) if applicable, a description of what each portion of the computer printout represents.

        **ANSWER:**

16.     Identify by name, address and telephone number each eyewitness to the incident

        **ANSWER:**

17.     Please identify and describe in detail any previous incidents which have occurred in the same way or in substantially the same way as the incident made the basis of this litigation within five (5) years of this incident.

        **ANSWER:**

18.     Please state the name, address and phone number of the person who was the maintenance supervisor for the HOME DEPOT U.S.A., INC. store where this incident occurred on February 16, 2019.

        **ANSWER:**

19.     Please state the name, address and phone number of the person who was the Manager in

Charge for the HOME DEPOT U.S.A., INC. store where this incident occurred on February 16, 2019.

**ANSWER:**

20    Please state the name, address and phone number of the person who was responsible for inspection, maintenance, or cleaning of the HOME DEPOT U.S.A., INC. store where this incident occurred on February 16, 2019.

**ANSWER:**

21.   Please identify the name, address and phone number of the individual responsible for the placing and arrangement caution displays at the HOME DEPOT U.S.A., INC. store where this incident occurred February 16, 2019.

**ANSWER:**

## <u>VERIFICATION</u>

THE STATE OF _____ §
                                §
COUNTY OF _____ §


     **BEFORE ME**, the undersigned authority, a Notary Public, on this day personally appeared _____, who being by me duly sworn under oath deposed and said that he/she is duly qualified and authorized in all respects to make this Affidavit; that he/she has read the above and foregoing answers, and that every statement contained in this Discovery is within his knowledge and completely true and correct.


_____
**Signature**


_____
**Print**


THE STATE OF _____ §
                                §
COUNTY OF _____ §

     **BEFORE    ME,**    the    undersigned    authority,    on    this    day    personally _____, who being first duly sworn, stated that each and all of the foregoing Answers to Interrogatories are true and correct.

     **SUBSCRIBED AND SWORN TO on the _____ day of _____, 2019.**


_____
**Notary Public, State of Texas**

My Commission Expires: _____

---

CAUSE NO. _____

| | | |
|---|---|---|
| **MARGARET MORRIS,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **vs** | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **HOME DEPOT U.S.A., INC.,** | § | |
| *Defendant* | § | **WILLIAMSON COUNTY, TEXAS** |

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT HOME DEPOT U.S.A., INC.,

**TO:** **DEFENDANT HOME DEPOT U.S.A., INC.,** by and through its Registered Agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620 Austin, TX 78701.

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Plaintiff requests that the Defendant produce copies of, or permit Plaintiff to inspect, sample, test, photograph, and/or copy the designated documents, records, or tangible things which are in your possession, custody, or control, or are available to you, or are in the possession, custody, or control of your agents, representatives or attorneys.

Plaintiff designates the manner of discovery to be by Defendant providing Plaintiff's attorney with a photocopy or duplicate of each of the designated documents, records, or tangible things in Defendant's possession, custody, or control, or by making the designated items available for inspection, sampling, testing, photographing and/or copying at the office of Plaintiff's attorney. If the requested documents, records, or tangible things cannot readily be copied, produced, and delivered to Plaintiff's attorneys, or made available for inspection, sampling, testing, photographing, and/or copying at the office of Plaintiff's attorney, Plaintiff is agreeable to conducting discovery in the office of Defendant's counsel or Defendant's premises or obtaining delivery there from.

Plaintiff designates fifty (50) days after these requests for discovery and inspection. Pursuant to Rule 193.5 Texas Rules of Civil Procedure, these Requests for Production and Discovery are continuing in nature and require supplementation as soon as is practical, but in no event less than thirty (30) days prior to the beginning of trial.

Respectfully submitted,

**The Law Offices of Thomas J. Henry**
5711 University Heights Blvd., Suite 101
San Antonio, Texas 78249
Phone: (210) 656-1000
Fax. (361)985-0601

Jesus De Luna
State Bar No. 24105788
*email: jdeluna-svc@thomasjhenrylaw.com
**ATTORNEY FOR PLAINTIFF**
**\* service by email to this address only**

## DEFINITIONS AND INSTRUCTIONS

1. As used herein, the terms "you" and "your" shall refer to this Defendant, his attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of this Defendant, whether authorized to do so or not.

2. As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3. In accordance with TEX. R. CIV. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4. "Person": The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

5. "Identify" or "Identification":

   a. When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

   b. When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

   c. When used in reference to a document, "identify" or "identification" shall include statement of the following:

      i.    the title, heading, or caption, if any, of such document;

      ii.   the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

      iii.  the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

      iv.   the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

      v.    the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

      vi.   the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

      vii.  the physical location of the document and the name of its custodian or custodians.

6. "Settlement": as used herein, means:

   a. An oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between Plaintiff and any Defendants or between any Defendants herein whereby Plaintiff or Defendants have in any way

released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

b.   Any resolution of the differences between the Plaintiff and Defendants by loan to the Plaintiff or any other device which is repayable in whole or in part out of any judgment the Plaintiff may recover against Defendants.

c.   The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

7.   "The wreck" as used herein refers to the wreck made the basis of this lawsuit.

Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time beginning with the date of the wreck made the basis of this lawsuit up to and including the present date.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from **February 16, 2019**, through the date of production of responses requested herein.

## FIRST REQUEST FOR PRODUCTION

1. All photographs taken in connection with Plaintiff's cause of action in the possession, constructive possession, custody or control of the DEFENDANT, DEFENDANT's attorney or anyone acting on DEFENDANT's behalf.

2. All photographs taken of the scene of the incident or the surrounding area of the scene of the incident in the possession, constructive possession, custody or control of the DEFENDANT, DEFENDANT's attorney or anyone acting on DEFENDANT's behalf.

3. All photographs taken of Plaintiff which may be in the possession, constructive possession, custody or control of the DEFENDANT, DEFENDANT's attorney or anyone acting on DEFENDANT's behalf.

4. All pictures, motion pictures, movies, films, or photographic material of any kind taken of the Plaintiff which are in the possession, constructive possession, custody or control of the DEFENDANT, DEFENDANT's attorney or anyone acting on DEFENDANT's behalf.

5. All written statements made by the Plaintiff in the possession, constructive possession, custody or control of the DEFENDANT, DEFENDANT's attorney or anyone acting on DEFENDANT's behalf.

6. All oral statements made by the Plaintiffs which were either recorded or taped on an electronic device or recorder which are in the possession, constructive possession, custody or control of the DEFENDANT, DEFENDANT's attorney or anyone acting on DEFENDANT's behalf.

7. All written statements made by any witnesses to the accident that are in the possession, constructive possession, custody or control of the DEFENDANT, DEFENDANT's attorney or anyone acting on DEFENDANT's behalf.

8. All oral, taped or recorded statements made by any witnesses to the accident that is the basis of Plaintiff's lawsuit which are in the possession, constructive possession, custody or control of the DEFENDANT, DEFENDANT's attorney or anyone acting on DEFENDANT's behalf.

9. A copy of the policy or policies of liability insurance providing coverage to the DEFENDANT on **February 16, 2019**.

10. A copy of all policies of "excess" and/or "umbrella" liability insurance providing coverage to the DEFENDANT on **February 16, 2019**.

11. A copy of all documents filed with any state, county, city, federal or governmental agency, institution or department containing information about the Plaintiffs which are in the

possession, constructive possession, custody or control of the DEFENDANT, DEFENDANT's attorney or anyone acting on DEFENDANT's behalf.

12. All written reports of inspection, tests, writings, drawings, graphs, charts, recordings or opinions of any expert who has been used for consultation and whose work product forms a basis either in whole or in part of the opinions of an expert who is to be called as a witness. (If the discoverable factual materials have not been received or reduced to a tangible form, request is hereby made that the DEFENDANT advises the Plaintiff accordingly and reduce such material to a tangible form).

13. A curriculum vitae or resume for any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert.

14. Any and all written communications, including but not limited to letters and/or memorandums, between agents, employees and/or representatives of DEFENDANT that DEFENDANT prepared as a result of the accident made the basis of Plaintiff's lawsuit.

15. Copies of estimates, invoices, and/or any other written documentation which was prepared as a result of the damage to any equipment or structure involved in the accident made the basis of Plaintiff's lawsuit.

16. Copies of any and all relevant documents, reports, and/or memorandum in DEFENDANT's possession which have resulted from the accident made the basis of Plaintiff's lawsuit.

17. Copies of any contracts or agreements between DEFENDANT and any maintenance or repair service in effect at the **HOME DEPOT U.S.A., INC.** store where this incident occurred on **February 16, 2019**.

18. Copies of any indemnity agreement between DEFENDANT and any other parties.

19. Copies of any and all books, documents or other tangible things which may be used at the time of trial, which may have a bearing on Plaintiff's cause of action.

20. Copies of any and all tangible things whose production has not been requested previously in this or other request which DEFENDANT does not intend to introduce into evidence at trial but may be used as demonstrative evidence at trial.

21. Contracts between the owner and the manager or managing firm at the time of the plaintiff's injury, and for the year immediately preceding plaintiff's injury.

22. Any indemnity agreement between any party to this case and non-party which is relevant to the incident and injuries made the basis of this lawsuit.

23. Any joint venture agreement between the parties or between any party to the lawsuit and any non-party regarding the ownership, repair, operation, maintenance, advertising, security or other service of or for the premises in question.

24. Any rules, management guidelines, operating guidelines, or other similar document that purports to show operating procedures for the management, repair, service, care, and maintenance of the premises in question.

25. Copies of any surveillance tapes, movies or photos of the Plaintiff.

26. Any training manuals, videos, policies, rules, management guidelines, operating guidelines, or other document that purports to show procedures for tenant safety; the inspection, maintenance, or repair of common areas, including but not limited to preventing, responding to and reporting tenant injuries.

27. A copy of any reports, schedules, lists, memorandums, or other documents regardless of manner or method of recording, identifying all employees scheduled to work at the **HOME DEPOT U.S.A., INC.** store where this incident occurred on **February 16, 2019** the **HOME DEPOT U.S.A., INC.** store where this incident occurred on **February 16, 2019**.

28. A copy of any and all itemizations, reports, schedules, paychecks or other documents regardless of manner or method of recording identifying the time and/or work schedule of each and every employee of the **HOME DEPOT U.S.A., INC.** store where this incident occurred on **February 16, 2019**, between January 1, 2018 – Present.

29. True and accurate copies of all documents, including but not limited to any accident/Incident reports, evidencing any accidents involving customers or employees for the **HOME DEPOT U.S.A., INC.** store where this incident occurred, between January 1, 2018 – Present.

30. True, accurate, and unedited copies of all the security camera videotapes for the **HOME DEPOT U.S.A., INC.** store where this incident occurred for the date of **February 16, 2019**.

31. Copies of any document which shows the names of all employees who were working at the **HOME DEPOT U.S.A., INC.** store where this incident occurred on **February 16, 2019**.

31. Copies of the architectural plans and drawings for the premises in question, specifically with respect to the location where the plaintiff was injured.

32. Please produce any training manuals, videos, policies, rules, management guidelines, operating guidelines, or other documents that purports to show procedures for management and for preventing, responding to and reporting tenant injuries.

34  Please produce copies of the daily manager's reports for the **HOME DEPOT U.S.A., INC.** store where this incident occurred for the date of **February 16, 2019**.

35. Please produce copies of the weekly manager's report for the **HOME DEPOT U.S.A., INC.** store where this incident occurred for the week beginning, **February 16, 2019**.

36. Please produce the monthly manager's report for the **HOME DEPOT U.S.A., INC.** store where this incident occurred for the month of March, 2018.

37. Please produce copies of any criminal convictions you will attempt to use for impeachment of any witness in this matter, pursuant to TEX. R. EVID. 609.

38. Incident reports made responsive to the fall that is the basis of this suit.

39. Incident reports made responsive to personal injuries on the premises in question from January 2018 – present.

40. All documents evidencing personal injuries for the store where this incident occurred from January 2018 – present.

41. Complete and legible photocopies of all statements taken from employees who were at the scene of the incident, either when it occurred or after it occurred.

42.     Complete and legible photocopies of all statements taken from the **HOME DEPOT U.S.A., INC.** employees who witnessed the incident.

43.     Copies of all video of the location where this incident occurred for 24 hours preceding the incident.

44.     Copies of all video of the location where this incident occurred for 24 hours after the incident.

45.     Complete and legible photocopies of any incident reports made in accordance with HEB policy for the incident in question.

46.     Complete and legible photocopies of all statements taken by you, or someone on your behalf, from witnesses and persons with knowledge of relevant facts.

47.     Copies of all customer incident reports made within 24 months before the date of this incident for the store where this fall occurred.

48.     Copy of reporting manager's personnel file.

49.     Copy of personnel file for the maintenance partner who cleaned up the spill.

50.     All photographs taken in relation to this fall.

51.     Copy of Defendant's safety manual and procedures.

52.     Screenshots or copies of all webpages of Defendant's CertiLearn Safety Basics program.

53. Any and all trial exhibits.

54. Any rules, management guidelines, operating guidelines, or other similar document that purports to show operating procedures for the management, customer safety, repair, service, care, and maintenance of the area where the incident occurred on the premises.

55. Any training manuals, videos, policies, rules, management guidelines, operating guidelines, policies and procedures, or other documents that purport to show procedures for invitee safety, and preventing, responding to, and reporting invitee or contractor injuries.

56. A copy of any lease between Defendant and any owner of the premises in question in effect at the time of Plaintiff's injury, regarding occupation of the premises in question.

57. A copy of any reports, schedules, lists, memorandums, or other documents regardless of manner or method of recording, identifying all employees that witnessed, responded to, participated in an investigation of, and/or spoke with Plaintiff or any witnesses regarding the incident.

58. Copies of all documents, including but not limited to any incident/accident reports, evidencing any incidents/accidents involving this incident, and any similar incident in the last five (5) years.

59. All inspection / maintenance / cleaning logs for the area where the incident occurred for the last five (5) years.

CAUSE NO. _____

| | | |
|---|---|---|
| **MARGARET MORRIS,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **vs** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **HOME DEPOT U.S.A., INC.,** | § | |
| *Defendant* | § | **WILLIAMSON COUNTY, TEXAS** |

### PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT HOME DEPOT U.S.A., INC.,

**TO:** **DEFENDANT HOME DEPOT U.S.A., INC.,** by and through its Registered Agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620 Austin, TX 78701.

Pursuant to Rule 198, Texas Rules of Civil Procedure, you are requested to admit or deny the truth of statements or opinions of fact or of the application of law to fact, including the genuineness of any documents served with this request or otherwise furnished or made available for inspection and copying. This request extends to all matters set forth in the accompanying attachments.

Each matter of which an admission is requested will be admitted unless, within thirty (30) days after service of this request, or within fifty (50) days after service of the citation and petition, whichever is later, you serve upon the Plaintiff, through the undersigned attorney of record, a written answer or objection concerning such matter, either specifically denying the matter of which an admission is requested or setting forth in detail the reasons why you cannot truthfully either admit or deny the matter.

Respectfully submitted,

**The Law Offices of Thomas J. Henry**
5711 University Heights Blvd., Suite 101
San Antonio, Texas 78249
Phone: (210) 656-1000
Fax.  (361)985-0601

Jesus De Luna
State Bar No. 24105788
*email: jdeluna-svc@thomasjhenrylaw.com
**ATTORNEY FOR PLAINTIFF**
**\* service by email to this address only**

## DEFINITIONS AND INSTRUCTIONS

1.  As used herein, the terms "you" and "your" shall refer to this Defendant, his attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of this Defendant, whether authorized to do so or not.

2.  As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.  In accordance with TEX. R. CIV. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.   "Person": The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

5.   "Identify" or "Identification":

    a.   When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

    b.   When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

    c.   When used in reference to a document, "identify" or "identification" shall include statement of the following:

        i.   the title, heading, or caption, if any, of such document;

        ii.   the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

        iii.   the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

        iv.   the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

        v.   the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

        vi.   the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

        vii.   the physical location of the document and the name of its custodian or custodians.

6.   "Settlement": as used herein, means:

    a.   An oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between Plaintiff and any Defendants or between any Defendants herein whereby Plaintiff or Defendants have in any way

       released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

b.     Any resolution of the differences between the Plaintiff and Defendants by loan to the Plaintiff or any other device which is repayable in whole or in part out of any judgment the Plaintiff may recover against Defendants.

c.     The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

7.    "The wreck" as used herein refers to the wreck made the basis of this lawsuit.

Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time beginning with the date of the wreck made the basis of this lawsuit up to and including the present date.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from **February 16, 2019**, through the date of production of responses requested herein.

## REQUESTS FOR ADMISSION

1.      Defendant was the owner of the premises on the date of the incident.

   **ADMIT OR DENY**

2.      Admit that Plaintiff had entered upon the premises by the express invitation of Defendant.

   **ADMIT OR DENY**

3.      Defendant and/or its agents, employees and/or representatives did not have any warning signs or barricades in the area where the incident occurred.

   **ADMIT OR DENY**

4.      Defendant and/or its agents, employees and/or representatives did not timely inspect the area where the incident occurred.

   **ADMIT OR DENY**

5.      Admit that Defendant, and/or its agents, employees and/or representatives, was responsible for the maintenance of the spill made the basis of this lawsuit.

   **ADMIT OR DENY**

6.      Defendant and/or its agents, employees and/or representatives did not properly maintain the area where the incident occurred.

   **ADMIT OR DENY**

7.      Defendant did not institute any training procedures for its employees with regard to the non-employee invitee's presence on the premises to prevent occurrences and/or incidents such as those made the basis of this suit.

   **ADMIT OR DENY**

8.      Admit that Defendant and/or its agents, employees and/or representatives knew that the spill had not been properly maintained.

   **ADMIT OR DENY**

9.      Despite knowledge that the spill made the basis of this suit had not been properly maintained, Defendant and/or its agents, employees and/or representatives made no attempt to clean the spill or avoid injury.

**ADMIT OR DENY**

**10.**   Admit that your responses herein are truthful.

**ADMIT OR DENY**

# WILLIAMSON COUNTY LOCAL RULES

## C. PRE-TRIAL PROCEDURES

C-2 SCHEDULING. At the time of filing in each non-family civil case, the Clerk will provide the plaintiff a copy of the following rules relating to pre-trial scheduling to be served with the petition.  They are as follows:

a) Any additional parties to be joined within 90 days from the date answered filed.

b) Plaintiff's expert witnesses to be designated within 120 days from the date answer is filed. Defendant's expert witnesses shall be designated within 150 days from the date answer is filed.

c) Discovery shall be completed within 180 days from the date answer is filed.

d) Motions for summary judgment to be filed within 210 days from the date answer is filed.

e) A settlement conference must be held with the two parties present within 250 days from the date of answer.

f) A pre-trial statement setting forth unresolved issues, proposed jury charges, and stipulations and all matters to be considered in Rule 166 pre-trial conference shall be filed no later than 270 days from the date of answer.  If the parties are unable to agree on a joint pre-trial statement then separate submission is required.

*NOTE A copy of this rule will be attached to citations issued by the Clerk.

Filed: 5/22/2020 9:53 AM
Lisa David, District Clerk
Williamson County, Texas
Tammy Clinton

CAUSE NO. 20-0284-C26

| | | |
|---|---|---|
| MARGARET MORRIS, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | 26TH JUDICIAL DISTRICT |
| | § | |
| HOME DEPOT USA, INC. | § | |
| *Defendant.* | § | WILLIAMSON COUNTY, TEXAS |

## DEFENDANT HOME DEPOT U.SA., INC.'S ORIGINAL ANSWER
## TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE:

COMES NOW Defendant Home Depot U.S.A., Inc. ("Defendant" herein) in the above-entitled and numbered cause, and for its Original Answer to Plaintiff's Original Petition would respectfully show unto the Court as follows:

### I.
### GENERAL DENIAL

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant hereby enters a general denial, and demands that Plaintiff be required to prove her allegations by a preponderance of the evidence.

### II.
### AFFIRMATIVE DEFENSES

2.      By way of affirmative defense, Defendant affirmatively alleges that the incident made the basis of this suit and Plaintiff's damages, if any, were proximately caused by Plaintiff's own fault and/or negligence.

3.      Defendant asserts the defense of unavoidable accident. The damages plaintiff claims were due to an accident that was not caused by the negligence of any party, and one that could not be prevented by the exercise of due care.

Envelope# 43175118

4.      The alleged condition complained of by the Plaintiff was open and obvious to a reasonably prudent person and therefore the Plaintiff either knew or should have known of any alleged deficiencies in the subject property and accepted the same with such knowledge. As a result, Plaintiff's recovery should be barred.

### III.
### OFFSET, CREDIT AND REDUCTION

5.      In the highly unlikely and remote event that Plaintiff should recover any amount of money damages herein, Defendant affirmatively pleads as to medical expenses that Plaintiff's recovery is strictly limited to medical expenses actually paid or incurred by or on behalf of Plaintiff.

6.      In the highly unlikely and remote event that the Plaintiff should recover any amount of money damages for lost income or loss of earning capacity, Defendant affirmatively pleads that such recovery is only recoverable in an amount reduced to present value and after all income taxes have been deducted.

7.      Defendant specifically plead for a dollar credit in an amount equal to all settlement payments made by other defendants and third parties, if any.

### IV.
### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant Home Depot U.S.A., Inc. prays that Plaintiff take nothing by this action and Defendant be dismissed with its costs, and for such other relief, both general and specific, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

Hawkins Parnell & Young, LLP

By:    /s/ *Amy Welborn*

**TROY D. HELLING**
State Bar No. 24007340
thelling@hpylaw.com
**AMY WELBORN**
State Bar No. 24012853
awelborn@hpylaw.com

4514 Cole Ave., Suite 500
Dallas, TX  75205
(214) 780-5100
(214) 780-5200 (Fax)
      -AND-
2705 Bee Caves Road, Suite 220
Austin, Texas 78746
(512) 687-6900
(512) 687-6990 (Fax)

ATTORNEYS FOR DEFENDANT
HOME DEPOT U.S.A., INC.


<u>CERTIFICATE OF SERVICE</u>

I hereby certify by my signature above that a true and correct copy of the foregoing document has been sent via electronic service to counsel of record in accordance with the Texas Rules of Civil Procedure, on this the 22nd day of May 2020.

Jesus De Luna
The Law Office of Thomas J. Henry
jdeluna-svc@thomasjhenrylaw.com
5711 University Heights Blvd., Suite 101
San Antonio, Texas 78249

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Anna Ortiz on behalf of Amy Welborn
Bar No. 24012853
aortiz@hpylaw.com
Envelope ID: 43175118
Status as of 05/22/2020 12:01:54 PM -05:00

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jesus De Luna | | jdeluna-svc@thomasjhenrylaw.com | 5/22/2020 9:53:36 AM | SENT |
| Troy D. Helling | | thelling@hpylaw.com | 5/22/2020 9:53:36 AM | SENT |
| Katie Byland | | kbyland@hpylaw.com | 5/22/2020 9:53:36 AM | SENT |
| Taylor Yetter | | tyetter@hpylaw.com | 5/22/2020 9:53:36 AM | SENT |
| Claudia Tucker | | ctucker@hpylaw.com | 5/22/2020 9:53:36 AM | SENT |
| Tracy Sheehan | | tsheehan@hpylaw.com | 5/22/2020 9:53:36 AM | SENT |
| Anna Ortiz | | aortiz@hpylaw.com | 5/22/2020 9:53:36 AM | SENT |

Associated Case Party: Home Depot U.S.A., Inc

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Amy C.Welborn | | awelborn@hpylaw.com | 5/22/2020 9:53:36 AM | SENT |